
RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 5/5/11
BY_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

REGINALD STROTHER           DOCKET NO. 11-CV-273; SEC. P
FED. REG.#12594078

VERSUS                     JUDGE DEE D. DRELL

WILLIAM A. SHERROD         MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

*Pro se* Petitioner, Reginald Strother, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner challenges the constitutionality of his imprisonment.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Facts and Background*

On December 6, 2006, in the United States District Court for the Eastern District of Texas, Petitioner was charged in a one-count indictment alleging violation of Title 21 U.S.C. § 841(a)(1), possession with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack cocaine"). Following a trial by jury, Petitioner was convicted of the charge, and he was subsequently sentenced to a term of life imprisonment on February 4, 2009.

Petitioner filed a direct appeal of his conviction and sentence. On July 22, 2010, the Fifth Circuit Court of Appeals affirmed the judgment of the district court. He did not file a petition for writ of certiorari.

On October 1, 2010, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255.[1] [Doc. 1:10-cv-607, Eastern District of Texas] A Report and Recommendation was issued by the magistrate judge on November 18, 2010, but there has been no final judgment rendered in the case as of this date.

Here, Petitioner states that he is not attacking his conviction or sentence; rather, he is merely contesting the lawfulness of his detention. [Doc. #4, p.6]

### *Law and Analysis*

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the *manner* in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990).

Federal prisoners may use §2241 to challenge the legality of

---

[1]Petitioner claimed that the mandatory life sentence imposed against him violates the "Fair Sentencing Act of 2010" which was passed on August 3, 2010. Additionally, he argued that the mandatory life sentence violated the provision of Title 18 U.S.C. § 3559 because the convictions used to enhance his punishment were not serious drug offenses.

their convictions or sentences only if they satisfy the §2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the §2255 remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. §2255.

Despite his claim to the contrary, Petitioner herein *is* collaterally attacking the legality of his conviction. Specifically, he claims that the complaining officer did not have standing to request an arrest warrant because he failed to allege that he had been personally harmed or suffered an "injury in fact." [Doc. #4, p.8] Petitioner's claim should be brought under §2255. He currently has a §2255 claim pending in the court of conviction, and he has not alleged that the remedy under Section 2255 is inadequate or ineffective.

Even if Petitioner could proceed under Section 2241, his claim lacks merit. As the Supreme Court has explained, although *private citizens* do not have a judicially cognizable interest in the prosecution of other persons and do not have standing to enforce criminal laws, Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973), it is the responsibility of *government officials* to prosecute all offenses **against the United States**, 28 U.S.C. § 547(1); see also United States v. LaSalle Nat'l Bank, 437 U.S. 298, 312 (1978) (noting that the Internal Revenue Service cannot "try its own

3

prosecutions" because such authority is "reserved to the Department of Justice and, more particularly, to the United States Attorneys"). In this case, the officer requesting an arrest warrant was not acting as a private citizen. Moreover, it wasn't the officer who sued Petitioner; it was the United States.

Governments exist to promote the "'interest of all'" — "to prevent the wrongdoing of one resulting in injury to the general welfare."' In re Debs, 158 U.S. 56 (1895). The courts have long held that this duty alone can be sufficient to give the government "standing in court."' Id. The government enjoys, in other words, a special constitutional status as plaintiff — it sues, for example, to enforce the criminal laws, and it need not show a particularized injury as a predicate to sue. See Thomas R. Lee, Comment, 57 U.Chi.L.Rev. 543, 549 (1990).

Petitioner fails to state a claim for which relief can be granted under Section 2241. In order to file a second and successive petition under Section 2255, petitioner must meet the jurisdictional requirements.

## Conclusion

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED** for failing to state a claim.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and**

4

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 5th day of May, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE